**Dated: April 3, 2024**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PHILLIP D. CONKLE, | ) | Case No. 23-12292-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SKYLINE AIR OPS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 23-01053-SAH |
| | ) | |
| PHILLIP D. CONKLE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT, AND NOTICE AND OPPORTUNITY FOR HEARING [DOC. 15]**

Before the Court is the Motion for Summary Judgment, Brief in Support, and Notice and Opportunity for Hearing [Doc. 15] (the "Motion"), filed by plaintiff Skyline Air Ops, Inc. ("Plaintiff") on March 6, 2024, and the Response to Motion for Summary Judgment [Doc. 16] (the "Response"), filed by debtor/defendant Phillip D. Conkle ("Defendant") on March 13, 2024.

## INTRODUCTION

This adversary proceeding concerns a debt arising from a state court action filed in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2019-5571 (the "State Court" and the "State Court Action," respectively). In the State Court Action, Plaintiff brought a claim to quiet title and a claim for fraud; Plaintiff ultimately obtained summary judgment in its favor. Plaintiff now seeks to have the judgment debt deemed nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1] Plaintiff relies solely on issue preclusion based on the State Court Action to support its Motion. Defendant agrees issue preclusion applies, however, appears to argue the issues were decided in Defendant's favor. Neither party, however, has successfully established the applicability of issue preclusion to Plaintiff's Section 523(a)(2)(A) claim. Accordingly, the Motion will be denied.

## JURISDICTION

The Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I). Furthermore, Plaintiff and Defendant consent to entry of final orders and judgment by the Court in this adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012 [Docs. 4, 7].

---

[1] Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the movant proves there is no genuine issue of material fact, and movant is entitled to summary judgment as a matter of law. Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003) (citing Fed. R. Civ. P. 56(c)). The movant bears the burden of demonstrating the absence of disputed material facts warranting summary judgment. Gough v. Lincoln Cnty. Bd. of Cnty. Comm'rs, No. CIV-14-1093-D, 2016 WL 164632, at *1 (W.D. Okla. Jan. 13, 2016) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The movant must establish each element of its claim or defense by sufficient, competent evidence to set forth a *prima facie* case. Reynolds v. Haskins (In re Git-N-Go, Inc.), No. 04-10509-R, 2007 WL 2816215, at *2 (Bankr. N.D. Okla. Sept. 25, 2007) (citing In re Ribozyme Pharm., Inc., Sec. Litig., 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)). "It is the non-movant's 'burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record.'" Prince v. Kansas City Tree Care, LLC, 660 F.Supp.3d 1082, 1090 (D. Kan. Mar. 9, 2023) (citing Cross v. The Home Depot, 390 F.3d 1283, 1290 (10th Cir. 2004) (quotation marks and citation omitted)).

On summary judgment, the record must be considered in the light most favorable to the party opposing summary judgment. Bank of Cushing v. Vaughan (In re Vaughan), 342 B.R. 385, 2006 WL 751388, at *2 (10th Cir. BAP Mar. 22, 2006), aff'd, 233 F. App'x 783 (10th Cir. 2007) (citing Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)). Similarly, the Court must review "the facts and all reasonable inferences those facts support[ ] in the light most favorable to the nonmoving party." Doe v. Univ. of Denver, 952 F.3d 1182, 1189 (10th Cir. 2020) (citing Evans v. Sandy City, 944 F.3d 847, 852 (10th Cir. 2019)).

**UNDISPUTED MATERIAL FACTS**

Defendant did not controvert any of Plaintiff's facts.  Accordingly, the Court deems admitted all properly supported material facts set forth in Plaintiff's Motion.[2] The undisputed material facts are:[3]

1. This adversary proceeding concerns a debt arising from the State Court Action filed on October 3, 2019, asserting a claim to quiet title to, and a claim for fraud related to, an aircraft, specifically a Cessna, T310Q (the "Aircraft").  Motion Ex. 1 at PX1.1-7; Motion Ex. 1 at PX1.9-17.

2. Plaintiff is a corporation and owns the Aircraft.  Motion Ex. 1 at PX1.10.  Defendant is a contractor whom Plaintiff hired to perform interior work on the Aircraft.  Motion Ex. 1 at PX1.10.

3. At the time Plaintiff filed the State Court Action, Defendant was a prisoner, having been arrested on July 16, 2019, and was incarcerated in Oklahoma County.  Although

---

[2] "All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material." Local Rule 7056-1.C.

[3] Plaintiff's Motion does not comply with Local Rule 7056-1.B. which requires:

> A brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. ***Each fact shall be stated in a separately numbered paragraph*** and shall refer with particularity to those portions of the affidavits, discovery materials, Documents, or other parts of the record before the Court upon which the movant relies.

Despite the requirement for undisputed material facts to be numbered, Plaintiff's Motion has no numbered facts and instead presents its undisputed facts in paragraph format.

|   |   |
|---|---|
|   | Defendant was an incarcerated prisoner, he participated in the State Court Action, including attending a hearing on a motion for summary judgment on June 25, 2020. Motion Ex. 1, PX1.9; PX1.100. |
| 4. | In the State Court Action, Plaintiff asserted Defendant "knowingly and intentionally filed a fraudulent Mechanic's Lien with the [Federal Aviation Administration ("FAA")] on July 11, 2019 . . . [s]uch Mechanic's Lien was made with the knowledge of its falsity and filed with the intent it be relied upon by the FAA, and it was." Motion Ex. 1 at PX1.11. These allegations were subsumed within Plaintiff's claim for fraud, which was Plaintiff's only claim for monetary damages, attorney's fees, costs, and fees. Motion Ex. 1 at PX1.12. |
| 5. | On October 31, 2019, Defendant filed a response to the petition in the State Court Action, generally denying the allegations. Motion Ex. 1 at PX1.21-22. In addition, Defendant specifically denied he filed any fraudulent liens concerning the Aircraft. Motion Ex. 1 at PX1.22. |
| 6. | On January 27, 2020, Plaintiff filed a Motion for Summary Judgment on the Invalidity of the Lien (the "Motion for Summary Judgment") to which Defendant did not respond. Motion Ex. 1 at PX1.24-43. |
| 7. | In the Motion for Summary Judgment, Plaintiff describes the alleged fraudulent misrepresentation and fraud of Defendant, namely that Defendant did not perform any work on the Aircraft after December 2018 and further recorded a lien with the FAA on August 15, 2019 (the "Lien"). Motion Ex. 1 at PX1.25. |

8. On April 17, 2020, Plaintiff filed a motion to deem the Motion for Summary Judgment confessed and an application for attorney's fees (the "Confession Motion"). Motion Ex. 1 at PX1.44-71.

9. The State Court ordered a hearing on the Confession Motion set for June 25, 2020. Motion Ex. 1 at PX1.73.

10. At the hearing, Defendant did appear, and the Confession Motion was granted. The issue of damages was reserved for later consideration by the State Court on application. Motion Ex. 1 at PX1.100-02 ("Summary Judgment Order").

11. In accordance with the reservation of damages set forth in the Summary Judgment Order, Plaintiff filed an application to recover damages on October 29, 2020 (the "Application"). Motion Ex. 1 at PX1.88-90. The Application noted the State Court Action petition alleges the Mechanic's Lien was invalid and was fraudulently filed by Defendant and caused damages to Plaintiff. Motion Ex. 1 at PX1.88.

11. In the Application, Plaintiff's specified damages included the carried loan value of the Aircraft in the amount of $7,991.20 over seven months, depreciation on the Aircraft in the amount of $7,000.00, carried insurance on the Aircraft in the amount of $2,371.25, title work in the amount of $75.00, pre-judgment interest in the amount of $272.68, post-judgment interest in the amount of $296.68, and additional attorney's fees in the amount of $1,632.95. Motion Ex. 1 at PX1.89.

12. A hearing on the Application was held on December 3, 2020, via teleconference, and was subsequently granted by order dated March 10, 2021 (the "Order on Damages"). The damages awarded were based on the pleadings and testimony. Motion Ex. 1 at

PX1.103-04 (the Order on Damages and the Summary Judgment Order collectively, the "Orders").

## DISCUSSION

Plaintiff's request for summary judgment cannot be granted as the Orders do not contain sufficient findings of fact and conclusions of law from which this Court can determine that the same issues raised by Plaintiff's Section 523(a)(2)(A) claims have been previously resolved by the State Court. The brevity of the State Court's rulings prohibits the application of issue preclusion to establish Plaintiff's claims herein. Similarly, Defendant cannot rely on issue preclusion to establish his lack of fraudulent intent.

**I.    ISSUE PRECLUSION CANNOT BE APPLIED BASED ON THE BREVITY OF THE ORDERS PRESENTED.**

Plaintiff seeks to have its claim declared nondischargeable under Section 523(a)(2)(A) which excepts from discharge a debt:

> [F]or money, property, services or an extension, renewal or refinancing of credit to the extent obtained by –
>
> (A) false pretenses, a false representation or actual fraud other than a statement respecting the debtor's or an insider's financial condition.

Plaintiff argues the facts underlying its Section 523(a)(2)(A) claim were previously decided in the State Court Action; thus, issue preclusion bars relitigation of those facts in this Court. The doctrine of issue preclusion bars relitigation of determinations necessary to the ultimate outcome of a prior proceeding. Bobby v. Bies, 556 U.S. 825, 829 (2009). Issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit. Melnor, Inc. v. Corey (In re Corey), 583 F.3d 1249, 1251

7

(10th Cir. 2009). Issue preclusion may be invoked to preclude relitigation of factual issues underlying a determination of dischargeability. Nelson v. Tsamasfyros (In re Tsamasfyros), 940 F.2d 605, 606 (10th Cir. 1991); Grassmann v. Brown (In re Brown), 570 B.R. 98, 112 (Bankr. W.D. Okla. 2017) (citing Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991)); C & L Supply, Inc. v. Morrow (In re Morrow), 613 B.R. 786, 805 (Bankr. N.D. Okla. 2020).

The Full Faith and Credit Statute, 28 U.S.C. § 1738, directs federal courts to look to the preclusion law of the state in which a judgment is rendered. Cobb v. Lewis (In re Lewis), 271 B.R. 877, 883 (10th Cir. BAP 2002) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)). In Oklahoma, issue preclusion may be invoked where a court has decided an issue of fact or law necessary to its judgment to prevent the same parties or their privies from relitigating that issue in a subsequent suit brought upon a different claim. Oklahoma Dep't of Public Safety v. McCrady, 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199; Miller v. Miller, 1998 OK 24, ¶ 25, 956 P.2d 887, 897. Oklahoma courts require a party relying on issue preclusion to "produce – as proof of its terms, effect and validity – the entire judgment roll for the case which culminated in the decision invoked as a bar to relitigation." Salazar v. City of Oklahoma City, 1999 OK 20, ¶ 11, 976 P.2d 1056, 1061. Here, Plaintiff provided the entire State Court Action judgment roll.

Further, a party relying on issue preclusion in Oklahoma must prove four elements: (i) the party against whom it is being asserted was a party to the prior action; (ii) the issue subject to preclusion was actually adjudicated in the prior case; (iii) the adjudicated issue was necessary and essential to the outcome of the prior case; and (iv) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue. Durham v. McDonald's Rest.

of Okla., Inc., 2011 OK 45, ¶ 5, 256 P.3d 64, 66-67 (citing State ex rel. Tal v. City of Okla. City, 2002 OK 97, ¶ 20, 61 P.3d 234, 245).  A party asserting issue preclusion cannot succeed unless it proves each of the four elements.  Glover Constr. Co. v. State ex rel. Dep't of Transp., 2014 OK CIV APP 51, ¶ 22, 326 P.3d 547, 553.  Moreover, application of issue preclusion must be undertaken with extreme caution because exceptions to discharge are to be narrowly construed with all doubt being resolved in the debtor's favor.  Indo-Med Commodities, Inc. v. Wisell (In re Wisell), 494 B.R. 23, 34-35 (Bankr. E.D. N.Y. 2011).

Although Plaintiff proved the first and fourth elements for application of issue preclusion Plaintiff fell short of establishing the second and third elements which is fatal to its request to apply issue preclusion to its Section 523(a)(2)(A) claim.

### A. **Plaintiff and Defendant were Parties to the State Court Action.**

Plaintiff and Defendant were parties to the State Court Action, therefore, the first element is satisfied.

### B. **Defendant had a full and fair opportunity to litigate the issues decided.**

Defendant participated in the State Court Action, including attending a hearing on Plaintiff's Motion for Summary Judgment.  Further, Defendant's Response does not dispute he had a full and fair opportunity to litigate, despite being incarcerated at the time.  Thus, Plaintiff successfully established the fourth element.

### C. **Plaintiff Has Not Proven by a Preponderance of the Evidence the Issues to Be Decided under Section 523(a)(2)(A) Were Actually Adjudicated and Necessary to the Outcome of the State Court Action.**

Plaintiff has failed to satisfy the second and third elements of issue preclusion – whether the issue subject to preclusion was actually adjudicated and was necessary and essential to the

outcome of the State Court Action. The "bankruptcy court is the sole authority to determine whether [Plaintiff's] claim against [Defendant] is non-dischargeable under Section 523(a)(2) . . . of the Bankruptcy Code." Wisell, 494 B.R. at 34 (first citing Section 523(c); and then citing Grogan, 498 U.S. at 283-84). To establish a claim is nondischargeable under Section 523(a)(2)(A), the plaintiff must prove the elements of such claim by a preponderance of the evidence. Fowler Bros. v. Young (In re Young) 91 F.3d 1367, 1373 (10th Cir. 1996) (citing Grogan, 498 U.S. at 287).

Section 523(a)(2)(A) includes three grounds for nondischargeability – false representations, false pretenses, or actual fraud – all requiring proof of different elements. Houston v. Munoz (In re Munoz), 536 B.R. 879, 884 (Bankr. D. Colo. 2015) (citing Bank of Cordell v. Sturgeon (In re Sturgeon), 496 B.R. 215, 222-23 (10th Cir. BAP 2013)). The elements of a Section 523(a)(2)(A) claim for false representation are: (i) the debtor made a false representation; (ii) the debtor made the representation with the intent to deceive the creditor; (iii) the creditor relied on the debtor's representation; (iv) the creditor's reliance was justifiable; and (v) the creditor was damaged as a proximate result. Young, 91 F.3d at 1373 (citing Grogan, 498 U.S. at 287, as modified by Field v. Mans, 516 U.S. 59, 70 (1995)). "False pretenses can be defined as any series of events, when considered collectively, that create a contrived and misleading understanding of a transaction, in which a creditor is wrongfully induced to extend money or property to the debtor." Sturgeon, 496 B.R. at 223 (citing Stevens v. Antonious (In re Antonious), 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006)). And finally, actual fraud "connotes deception or trickery generally," and Section 523(a)(2)(A) encompasses actual fraud that can be effected without a false representation. Husky Int'l Elec., Inc. v. Ritz, 136 S.Ct.

1581, 1586 (2016). The elements of a claim for actual fraud are: (i) the debtor committed actual fraud; (ii) the debtor obtained money, property, services, or credit by the actual fraud; and (iii) the debt arose from the actual fraud. Hatfield v. Thompson (In re Thompson), 555 B.R. 1, 10 (10th Cir. BAP 2016). Plaintiff does not specify under which of the three grounds within Section 523(a)(2)(A) it seeks relief.[4] Regardless, Plaintiff fails to establish the applicability of issue preclusion on any of these grounds.

Each of the three grounds under Section 523(a)(2)(A) share a common thread – debtor's intent to defraud the creditor. Munoz, 536 B.R. at 884; Tobias v. Alvarado (In re Alvarado), 608 B.R. 877, 884-85 (Bankr. W.D. Okla. 2019) ("Although false pretenses, false representation, and actual fraud represent different concepts, the elements of scienter, reliance, and materiality are common to all and must be proven by a preponderance of the evidence in order for the creditor to prevail."). Thus, Plaintiff must establish Defendant's fraudulent intent to succeed on any claim under Section 523(a)(2)(A).

To establish fraudulent intent, Plaintiff must show Defendant "acted with the *subjective intent* to deceive [Plaintiff]." Vista Manufactured Home Cmty., L.P. v. Rodriguez (In re Rodriguez), 525 B.R. 485, 492 (Bankr. D. N.M. 2015) (citing DNC Nat'l Props. v. Johnson (In re Johnson), 477 B.R. 156, 169 (10th Cir. BAP 2012)) (emphasis in Johnson); Alvarado, 608 B.R. at 885. Because a debtor will rarely admit fraudulent intent, "courts uniformly recognize it may be established by circumstantial evidence or by inferences drawn from a course of conduct or from the totality of the circumstances." Alvarado, 608 B.R. at 885 (first citing

---

[4]It is a best practice to specifically identify the basis or bases for the requested relief if multiple grounds exist for relief as in Section 523(a)(2)(A). Stanley v. Shann (In re Shann), 2023 WL 239359 (Bankr. W.D. Okla. 2023).

11

First National Bank v. Cribbs (In re Cribbs), 327 B.R. 668, 673 (10th Cir. BAP 2005), aff'd, No. 05-6225, 2006 WL 1875366 (10th Cir. July 7, 2006); then citing Copper v. Lemke (In re Lemke), 423 B.R. 917, 922 (10th Cir. BAP 2010) (citing Young, 91 F.3d at 1375); and then citing Graham v. Graham (In re Graham), 600 B.R. 90 (Bankr. D. Kan. 2019)).  Importantly, it is well-established questions involving a defendant's state of mind or intent are ordinarily not appropriately resolved on summary judgment.  Tso v. Nevarez (In re Nevarez), 415 B.R. 540, 544 (Bankr. D. N.M. 2009) (first citing Gelb v. Bd. of Elections), 224 F.3d 149, 157 (2d Cir. 2000); and then citing Bryant v. Tilley (In re Tilley), 286 B.R. 782, 792 (Bankr. D. Colo. 2002) (acknowledging in dischargeability litigation "great circumspection is required where summary judgment is sought on an issue involving state of mind")).

The Orders in the State Court Action do not make specific factual findings sufficient to establish a Section 523(a)(2)(A) claim under any of the three grounds because the Orders contain no reference to Defendant's fraudulent intent.  The Summary Judgment Order made the following findings related to Defendant's conduct:

    a.    Defendant filed and caused a mechanics lien to be recorded on Plaintiff's CESSNA, T31 0Q, Serial No. 31 0Q-0535, with a Federal Aviation Administration (FAA) Registration No. N757CA (the "Aircraft") on 9/15/2019 (hereinafter, the "Lien").  The Lien being recorded at FAA Conveyance No. GR006387.
    b.    That the Lien was untimely and otherwise invalid under Oklahoma law.
    c.    That after the commencement of legal action herein by Plaintiff, Defendant caused a release of lien to be filed with the FAA on or about 2/9/2020.
    d.    That Plaintiff is entitled to attorney fees and costs for this action in the amount of $7,612.20 and $214.14 respectively.

The Order on Damages contains no factual findings related to Defendant's conduct much less his subjective intent. The Orders establish only that Defendant filed an untimely lien and are utterly silent as to Defendant's fraudulent intent. Under the facts as stated in the Orders, it is just as likely Defendant negligently or mistakenly filed the Lien, which would not arise to the level of fraudulent intent required for a Section 523(a)(2)(A) claim. Hatfield v. Thompson (In re Thompson), 585 B.R. 890, 914 (Bankr. W.D. Okla. 2017) ("[E]ven if [debtor's] actions or inactions can be considered negligent or reckless, they do not rise to the level of fraudulent conduct without the intent to deceive or to take unfair advantage of or cheat someone."). Further, the State Court's factual findings do not support a finding of fraudulent intent based on the totality of the circumstances as the brief facts do not demonstrate a deceitful course of conduct by Defendant.

"Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question – that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue – and the facts supporting the court's findings are discernible from the court's record." Zilm v. Roberts (In re Roberts), 505 B.R. 555, 565 (Bankr. N. D. Okla. 2014) (citing Dennis v. Dennis (In re Dennis), 25 F.3d 274, 278 (5th Cir. 1994)). "In cases where the state court judgment does not contain detailed facts sufficient as findings to meet the federal test of nondischargeability under § 523(a)(2)(A), a bankruptcy court may properly refuse to accord collateral estoppel effect to the state court judgment." Cherry v. Neuschafer (In re Neuschafer), No. 11-05103, 2014 WL 2611258, at *8 (10th Cir. BAP June 12, 2014) (citing Harold v. Simpson & Co. v. Shuler (In re Shuler), 722 F.2d 1253 (5th Cir. 1984)). Such is the case here. The Orders do not contain

sufficiently detailed facts to satisfy the elements of a Section 523(a)(2)(A) claim and, therefore, the Court cannot conclude the State Court found Defendant possessed fraudulent intent.

Thus, issue preclusion cannot apply to Plaintiff's Section 523(a)(2)(A) claim.

## II.     THE ORDERS, SIMILARLY, DO NOT ESTABLISH AN ABSENCE OF DEFENDANT'S FRAUDULENT INTENT.

In his Response, Defendant argues issue preclusion applies – but in his favor. He admits the State Court "did not make any finding of fraud or fraudulent." Response 2. Nevertheless, Defendant asserts, without legal support or argument, the issue of fraud "has been properly decided by [the State Court] and she did not find fraud or fraudulent." Response 2. To the extent Defendant is arguing issue preclusion applies in his favor, Defendant's argument reveals his lack of understanding. Without any finding regarding fraud, Defendant cannot establish the issue of fraud was decided or necessary and essential to the outcome of the prior case, and thus, cannot satisfy the prerequisites for issue preclusion. Durham, 2011 OK 45, ¶ 5, 256 P.3d at 66-67; Oslin, 584 B.R. at 370. In other words, the State Court would have had to make specific findings that Defendant *lacked* fraudulent intent for issue preclusion to apply in his favor.

In the absence of a finding regarding Defendant's intent, one way or the other, issue preclusion simply cannot apply to establish or defeat Plaintiff's Section 523(a)(2)(A) claim.

## CONCLUSION

Summary judgment is denied. The Orders fail to contain specific findings of fact and conclusions of law as to Defendant's fraudulent intent, thereby preventing application of issue preclusion to Plaintiff's Section 523(a)(2)(A) claim. Accordingly, the Motion is DENIED. Trial will proceed on May 6, 2024, at 9:30 A.M. in the Sixth Floor Courtroom.

IT IS SO ORDERED.

# # #